# IN THE COURT OF APPEALS OF IOWA

No. 20-1702
Filed March 3, 2021

**IN THE INTEREST OF E.S.,**
**Minor Child,**

**K.S., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Meegan M. Keller, Altoona, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., Schumacher, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAHAN, Senior Judge.**

A father appeals the termination of his parental rights to his child, born in 2014.[1]  He contends the State failed to prove the grounds for termination cited by the juvenile court and the court should have applied the statutory exception under Iowa Code section 232.116(3)(c) (2020) to preclude termination.  We affirm.

## I.  *Background Facts and Proceedings*

This family came to the attention of the department of human services in September 2018, due to concerns about violence by the mother in the presence of E.S. and her older half-siblings.  The mother was arrested, and the children were removed from the mother's care and adjudicated in need of assistance.  E.S. was placed in the father's care but was later removed from his care when two of E.S.'s half-siblings reported they "were sexually assaulted" by the father "when he lived in the home with them."  There were also concerns with the father's excessive use of alcohol and his decision to live with his grandfather, who had a documented history of sexual abuse.

The parents made little progress toward reunification, and the State filed a petition for termination of parental rights.  The termination hearing was held in December 2020.  The record before the juvenile court indicated E.S. had been removed from the parents' care for more than one year, the father's visits remained supervised, the father continued to live with his grandfather, and the father had only recently attended three substance-abuse treatment sessions despite being directed to engage in treatment "many times" since 2018.  The father requested

---

[1] The mother consented to termination of her parental rights.  She does not appeal.

an additional six months to move out of his grandfather's house, believing E.S. could then be returned to his care. The department caseworker and guardian ad litem recommended termination of the father's parental rights.

Following the termination hearing, the court entered its order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f). The father appealed.

## II. Standard of Review

Appellate review of termination-of-parental-rights proceedings is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III. Discussion

The father challenges the sufficiency of the evidence supporting the grounds for termination cited by the juvenile court. Although the court terminated parental rights on more than one statutory ground, we need only find termination is proper on one ground. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We will address the termination of parental rights under section 232.116(1)(f). The father acknowledges E.S. is over four years of age, has been adjudicated a child in need of assistance, and has been removed from the parents' physical custody for more than twelve months. Iowa Code § 232.116(1)(f)(1)–(3). But he claims the State failed to prove by clear and convincing evidence that E.S. could not have been returned to his custody at the time of the termination hearing. *See id.* § 232.116(1)(f)(4). Despite the father's admission at the termination hearing that the

child could not be returned to his care at the present time, he contends on appeal that he "had a residence lined up upon receiving his first paycheck, at which time the child could have been returned to his custody," "and at the very least an additional six months should have been granted."

At the close of the termination hearing, the guardian ad litem gravely stated, "I'm actually more convinced after hearing the testimony of the father than I was before this case started today that termination is in my client's best interests." The guardian ad litem expressed concern that the father "doesn't think that he has a drinking problem" and "believes that his grandfather is a safe person for [E.S.] to be around, when that's absolutely not the case" and she opined:

> It's my belief that if [E.S.] were to be returned to his care, he would comply with DHS requirements, just like his attorney asked him if he would, and that he would do that, and the minute we are gone, she would be back with the grandfather, back to dad drinking. I don't think that that is—he has an ability to keep her safe.

The juvenile court found:

> Given the father's unwillingness or indifference to follow through with substance abuse treatment; his unwillingness or inability to refrain from alcohol abuse; his unwillingness or refusal to find alternative housing or to "choose" [E.S.]; and his inability to progress beyond supervised visits in the last 14 months; the child cannot be returned to his custody at the present time or in the immediate future.
>     . . . .
>     . . . The Court cannot think of any reasonable factors or conditions that will allow the Court at this time to make a determination that the need for removal will no longer exist in six months. The realities of the past 14 months do not permit such a determination.

We concur in the juvenile court's finding that the child could not be returned to the father's custody at the time of the termination hearing, and we further find

that under these circumstances, a six-month extension was not warranted. Iowa Code section 232.116(1)(f) was satisfied.

The father also contends the court did not need to terminate his parental rights because termination would be detrimental to the child due to the parent-child bond. *See* Iowa Code § 232.116(3)(c). The exceptions to termination of parental rights found under section 232.116(3) are permissive, not mandatory. *In re A.S.*, 906 N.W.2d 467, 45 (Iowa 2018). It is within the court's discretion to consider the circumstances of the case and the best interest of the child in determining whether to apply the factors. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). We have no reason to disagree with the father's testimony that the time E.S. was in his care "was the best time of [his] life." But we do not believe a closeness of the parent-child bond precludes termination in this case. We conclude termination is in this child's best interests, and no permissive statutory exception should be applied to preclude termination. We affirm the decision of the juvenile court to terminate the father's parental rights.

**AFFIRMED.**